IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID BRIAN MORGAN, | ) |
| | ) |
| Petitioner/Movant, | ) |
| | ) |
| v. | ) Case No. CIV-16-1003-R |
| | ) |
| STATE OF OKLAHOMA, | ) |
| | ) |
| Respondent. | ) |

# REPORT AND RECOMMENDATION

## I. Movant's claims and requested relief.

David Brian Morgan (Movant), appearing pro se, instituted this action with a filing labeled "Motion to File § 2255" and styled as shown. Doc. 1.[1] He claims he received an "illegal sentence" and "ask[s] this Court to set aside [my] conviction, and discharge [me] immediately." *Id.* at 2.[2] Mirroring the language of 28 U.S.C. § 2255(a), he maintains: "(1) the sentence was imposed in violation of the constitution or laws of the U.S. (2) the court was without jurisdiction to impose such a sentence; its cruel and unusual[l]

---

[1] This report cites court filings by their electronic case filing designation and pagination. There are alterations to Movant's uniform use of the uppercase; otherwise, unless indicated, quotations are verbatim.

[2] United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4.

punishment. (3) the sentence was in excess of the maximum authorized by the law." *Id.* at 1. But, while he complains about an illegal sentence and seeks relief from his conviction, Movant fails to provide the name and location of the court that convicted and sentenced him, the docket number of his criminal case, or *any* detail about the conviction and sentence he purports to challenge.[3] And, although he proceeds under § 2255, he does not name the United States in the style of his action; rather, he names the State of Oklahoma. *Id.*

## II. Movant's history of convictions and challenges to convictions in this Court.

Given the skeletal nature of the § 2255 motion, the undersigned reviewed this Court's records to determine if Movant has, in fact, been convicted and sentenced here. The undersigned found no indication of Movant as a criminal defendant. Instead, the undersigned found Movant has

---

[3] The *only* detail about *any* conviction is derived from Movant's return address on the motion's mailing envelope. Doc. 1, Att. 1. The return address includes Movant's Oklahoma Department of Corrections' (DOC) identifier, No. 637673, and the address of his current facility, the Joseph Harp Correctional Center in Lexington, Oklahoma. *Id.* The DOC's electronic records reflect that Movant is currently serving multiple sentences imposed by the District Court of Oklahoma County in Case No. CF-2010-7695 on convictions for rape, kidnapping, molestation, and weapons possession. *See* [http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=637673&offender_book_id=393845](http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=637673&offender_book_id=393845).

sought federal habeas relief from his convictions in the District Court of Oklahoma County, Case No. CF-2010-7695, in the following cases:

*Morgan I.* Movant first sought federal relief in this Court in April 2014, challenging his state court convictions for rape, kidnapping, molestation, and weapons possession. *Morgan v. State of Okla.,* No. CIV-14-337-R, Doc. 1, at 1 (W.D. Okla. Apr. 7, 2014). Movant claimed, generally, that: (1) jail officials denied him phone access and contact with family for three months after his arrest; (2) police interrogated him without an attorney present, incarcerated him for five days with no ability to shower, and then questioned him further, which led to an illegal confession; (3) counsel was constitutionally ineffective on numerous fronts; (4) the State engaged in excessive count-charging; and (5) jail conditions violated his constitutional rights. *Id.* This Court dismissed the petition as time-barred. *Morgan v. Addison*, No. CIV-14-337-R, 2014 WL 2197995 (W.D. Okla. May 27, 2014). The Tenth Circuit denied Movant's request for a certificate of appealability (COA). *Morgan v. Addison*, 574 F. App'x 852 (10th Cir. 2014). The Supreme Court denied *certiorari. Morgan v. Addison*, 135 S. Ct. 1496 (2015).

*Morgan II.* In July 2015, Movant filed what he termed a "Motion to Vacate under 28 U.S.C. § 2241(c) Writ of Error Coram Nobis." *Morgan v. Bear*, No. CIV-15-782-R, Doc. 1 (W.D. Okla. July 17, 2015). This Court dismissed what were construed as Movant's claims for relief under 28 U.S.C.

§ 2241 for lack of merit and his claims for relief under 28 U.S.C. § 2254 as second or successive. *Id.* Docs. 10, 11.

*Morgan III.* Movant brought his next action in November 2015 through a "Motion to be Heard under All Writs Act 28 USCA § 1651(A)." *Morgan v. Bear*, CIV-15-1279-R, Doc. 1 (W.D. Okla. Nov. 17, 2015). This Court dismissed the petition, adopting a magistrate judge's recommendation that Movant's filing constituted a motion under Fed. R. Civ. P. 60(b). *Id.* Docs. 5, 7, 8. The Tenth Circuit denied Movant's request for a COA. *Morgan v. Bear*, No. 16-6048, 2016 WL 3290996, at *2 (10th Cir. June 8, 2016).

*Morgan IV.* In June 2016, Movant filed a "Post Conviction Application, Extraordinary Writ 28 U.S.C. § 1651." *Morgan v. Bear*, CIV-16-688-R, Doc. 1 (W.D. Okla. June 20, 2016). Although specifically directed to utilize this Court's form Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 to cure various deficiencies in his petition, *id.* Doc. 7, at 2, Movant has instead submitted a form Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. *Id.* Doc. 8. The matter is pending.

**III. Analysis.**

Generally, "habeas relief is available to state prisoners under § 2254, not § 2255, which affords relief to federal prisoners." *Angle v. Tafoya*, 586 F. App'x 483, 484 (10th Cir. 2014). Here, Movant is a prisoner in state, not federal, custody, serving a state, not a federal, sentence. *See* Doc. 1, Att. 1.

He does not claim to be "a prisoner in custody under sentence of a court established by Act of Congress . . . ." 28 U.S.C. § 2255(a). Nor does he claim to be subject to any future custody under a judgment of this Court. *See* Rule 1(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Movant fails to demonstrate a basis for relief under § 2255, and the dismissal of his motion, Doc. 1, is warranted. And, because Movant has *expressly* sought relief under § 2255—and has done so without *any* identification of the conviction he challenges—the undersigned has not re-characterized and analyzed the § 2255 motion as an action for habeas relief under § 2254 from the same state court convictions Movant first challenged in *Morgan I* and attempted to challenge a second time in *Morgan II*. S*ee supra* § II.

### IV. Recommendation and notice of right to object.

Because Movant fails to demonstrate a basis for relief under 28 U.S.C. § 2255, the undersigned recommends the dismissal of his Motion to File § 2255. Doc. 1.

The undersigned advises Movant of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before October 24, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Movant that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both

5

factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 4th day of October, 2016.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE