# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID BRIAN MORGAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIV-16-1003-R |
| | ) |
| STATE OF OKLAHOMA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

On August 30, 2016 Petitioner initiated this action by filing a "Motion to File § 2555." Pursuant to 28 U.S.C. § 636(b)(1)(B) the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. On October 4, 2016, Judge Mitchell issued a Report and Recommendation wherein she recommended dismissal of the motion because Petitioner failed to state a basis for relief under 28 U.S.C. § 2255. The matter is currently before the Court on Petitioner's timely objection to the report and recommendation (Doc. No. 9) and a Motion to File *Nunc Pro Tunc* (Doc. No. 10) filed by Mr. Morgan. The objection obligates the Court to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having conducted this *de novo* review, the Court finds as follows.

As noted by Judge Mitchell, it is apparent from Petitioner's submissions that he is not currently in the custody of the federal government and that he is not currently serving a federal sentence. Rather, as noted in footnote 3 of the Report and Recommendation, and not challenged by the Petitioner, he is apparently serving multiple sentences from a multi-

count conviction in the District Court of Oklahoma County. However, only a federal prisoner may challenge his conviction and sentence by relying on 28 U.S.C. § 2255. Furthermore, it is apparent from the objection that Petitioner is challenging his conviction in state court by his argument related to the Oklahoma statute for non-murder cases cited in his objection to the Report and Recommendation. Accordingly, to the extent Petitioner was attempting to challenge his conviction and sentence in Case No. CF-2010-7695, in District Court of Oklahoma County via 28 U.S.C. § 2254, his efforts must fail as he previously sought relief under that same provision and therefore cannot, without leave of the Tenth Circuit Court of Appeals, file a second or successive application for habeas corpus relief addressing those convictions. *See* 28 U.S.C. § 2244(b)(3)(A). Mr. Morgan was informed of this limitation in *Morgan v. Bear*, Case No. CIV-15-782-R, when his case was dismissed by this Court on July 17, 2015, in part for lack of jurisdiction over his second or successive petition. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Thus it appears to the undersigned that Petitioner is attempting to avoid the dismissal of the instant petition wherein he challenges his state court conviction by invoking 28 U.S.C. § 2255. Having failed to establish that he is "[a] prisoner under sentence of a court established by Act of Congress" Mr. Morgan cannot prevail. Accordingly, the Report and Recommendation is hereby ADOPTED and this matter is hereby dismissed. Petitioner's Motion to File Nunc Pro Tunc is hereby DENIED AS MOOT.

IT IS SO ORDERED this 26th day of October, 2016.

*[signature]*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE